1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TOJU EKWEJUNOR-ETCHIE and ETEH          No C 09-3662 VRW
EKWEJUNOR-ETCHIE,

                 Plaintiffs,                    ORDER

         v

GREENPOINT MORTGAGE FUNDING, INC,
et al,

                 Defendants.

_____/

          On August 18, 2009, defendants Greenpoint Mortgage

Funding Inc, Bac Home Loans Servicing LP and Mortgage Electronic

Registration Systems Inc moved to dismiss plaintiffs' complaint for

failure to state a claim.  Doc #5.   Defendant Old Republic Default

Management Services joined in the motion on October 8, 2009.  Doc

#19.  Plaintiffs Toju Ekwejunor-Etchie and Eteh Ekwejunor-Etchie

oppose defendants' motion.  Doc #29.  For the following reasons,

defendants' motion is GRANTED.

1

I

2        Plaintiffs filed this action in Alameda County superior

3   court on June 25, 2009 and defendants removed on August 10, 2009.

4   Doc #1.   The complaint is based on a mortgage loan that plaintiffs

5   obtained from defendant Greenpoint Mortgage Funding ("Greenpoint")

6   in the amount of $880,000.   Id at 14.   Plaintiffs allege that

7   defendants misrepresented plaintiffs' income on the loan

8   application, when in fact plaintiffs were not qualified for the

9   loan.   Id at 15.   Plaintiffs allege that due to defendants'

10  actions, plaintiffs defaulted on their loan and face a potential

11  foreclosure of their property.   Id.   Plaintiffs assert twelve

12  causes of action against defendants:   (1) breach of contract; (2)

13  declaratory relief; (3) fraud; (4) breach of fiduciary duty; (5)

14  breach of the covenant of good faith and fair dealing; (6)

15  interference with contractual relations; (7) reformation of

16  unconscionable contract; (8) unfair and unlawful business

17  practices; (9) quiet title; (10) rescission based on fraud; (11)

18  rescission based on the Truth in Lending Act and (12) accounting.

19  Doc #1.   Defendants claim that all of plaintiffs' causes of action

20  fail to state a claim and should be dismissed.   Doc #5.

21        It appears to the court that defendant East Bay Capital

22  ("East Bay") has not been served.   Accordingly, the court, where

23  appropriate, ignores plaintiffs' claims against East Bay for the

24  sake of this order.

25

26                              II

27        A motion to dismiss tests the legal sufficiency of a

28  claim and whether the claim is based on "a cognizable legal

**United States District Court**
For the Northern District of California

2

United States District Court

For the Northern District of California

theory." <u>Balisteri v Pacifica Police Dep't</u>, 901 F2d 696, 699 (9th Cir 1990); see also FRCP 12(b)(6). In determining whether a claim is sufficient, all material allegations in the pleadings are taken as true and construed in the light most favorable to the non-moving party. See <u>In re Silicon Graphics Inc Sec Lit</u>, 183 F3d 970, 980 n10 (9th Cir 1999). But "the court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." <u>Sprewell v Golden State Warriors</u>, 266 F3d 979, 988 (9th Cir 2001) (citing <u>Clegg v Cult Awareness Network</u>, 18 F3d 752, 754-55 (9th Cir 1994)). The court analyzes each cause of action in turn.

## A

Plaintiffs allege that defendants breached paragraph 22 of the deed of trust by not providing thirty-days notice prior to filing the notice of default on plaintiffs' property. Doc #1 at 17. Plaintiffs further allege that defendants did not comply with paragraph 24 of the deed of trust and if defendants are allowed to foreclose on plaintiffs' property, plaintiffs will be damaged by the deprivation of their unique real property. Id at 17-18. Defendants challenge plaintiffs' claim as a misreading of the contract's plain terms. Doc #5 at 11. Specifically, defendants claim that paragraph 22 does not require thirty-days notice before filing the notice of default, but rather requires thirty-days notice prior to acceleration. Id. Defendants also claim that paragraph 24 simply provides the lender with the option, not requirement, of appointing a successor trustee by a recorded instrument. Id at 12-13.

**United States District Court**
For the Northern District of California

To succeed on a claim for breach of contract, a plaintiff must show: a contract, plaintiffs' performance, defendants' breach and damages. <u>Poseidon Development, Inc v Woodland Lane Estates, LLC</u>, 152 Cal App 4th 1106, 1112 (3d Dist 2007).  Resolution of contractual claims on a motion to dismiss is proper if the terms of the contract are unambiguous. <u>Keen v American Home Mortg Servicing, Inc</u>, -- F Supp 2d --, 2009 WL 3380454, *9 (ED Cal 2009). A contract provision will be considered ambiguous when it is capable of two or more reasonable interpretations.  Id.

Here, defendants' breach and damages are the factors at issue.  Paragraph 22 of the deed of trust states: "[l]ender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument * * * the notice shall specify * * * a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured."  Doc #1 at 58.  Plaintiffs argue that the notice of default accelerates the loan, while defendants contend that the notice merely requires plaintiffs to pay the amount past due.  The notice of default that plaintiffs received states that plaintiffs "may have the legal right to bring [their] account in good standing by paying all of [their] past due payments" and the amount listed as owed was $41,387.12.  Id at 64.  The notice of default also states "the present beneficiary under such Deed of Trust * * * has declared and does hereby declare all sums secured thereby immediately due and payable * * *."  Doc #1 at 65.  Plaintiffs allege they were owed notice prior to "acceleration of the loan note" (Doc #1 at 17) and defendants claim that the note was not accelerated and plaintiffs were not owed thirty-days notice before

4

the filing of a notice of default.  Doc #5 at 11.  Paragraph 18 of
the deed of trust states that a notice of acceleration will provide
"a period of not less than 30 days from the date the notice is
given in accordance with Section 15 within which Borrower must pay
all sums secured by this Security Instrument."  Doc #1 at 56
(emphasis added).

It appears based on the language in paragraph 18 of the
deed of trust that the language of "all sums secured" in the notice
of default plainly indicated that plaintiffs' loan obligations
would be accelerated.  If defendants were accelerating the loan,
plaintiffs would need thirty-days notice prior to payment.  The
notice of default provides that no sale of the property will be set
until three months after the notice of default is recorded.  Doc #1
at 64.  But despite the alleged ambiguities in the deed of trust
and notice of default, plaintiffs have not stated that they
suffered damages.  In fact, the notice of default appears to
provide plaintiffs with more notice than the thirty days required
for an acceleration, during which time it appears the plaintiffs
merely had to cure the amount in default, which allegedly was
$41,387.12.  The court fails to see why any misunderstanding based
on the language of the deed of trust and notice of default could
have damaged plaintiffs because defendants gave plaintiffs three
times the amount of time to cure their default as would have been
owed under a notice of acceleration.  Accordingly, plaintiffs have
not alleged sufficient damages for a breach of contract claim based
on paragraph 22 of the deed of trust.

Plaintiffs further allege that defendants breached
paragraph 24 of the deed of trust by not recording the change in

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

trustee.  Doc #1 at 17-18.  Defendants claim that they were under no obligation to submit any documentation regarding the substitution of the trustee prior to the notice of default.  Doc #5 at 13.  Paragraph 24 of the deed of trust states "[l]ender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by the Lender and recorded in the office of the Recorder of the county in which the Property is located."  Doc #1 at 58.  Taking plaintiffs' allegation that defendants did not file such documentation with the county, as required by the plain language of the deed of trust, as true, plaintiffs may have alleged a breach of paragraph 24.  But again plaintiffs fail to allege resulting damages.  The contract does not seem to provide a time requirement for such a substitution to be recorded and plaintiffs have not shown that they suffered damages as a result of Old Republic Default Management Services ("Old Republic") becoming the new trustee.  Plaintiffs, therefore, have not sufficiently alleged a breach of paragraph 24 of the deed of trust.

Accordingly, defendants motion to dismiss plaintiffs first cause of action for breach of contract (Doc #5) is GRANTED.

B

Plaintiffs further attempt to state a claim for declaratory relief.  Doc #1 at 18-21.  The plaintiffs desire "a judicial determination and declaration of plaintiffs' and defendants respective rights and duties."  Id at 21.  Defendants claim that plaintiffs' second cause of action is legally deficient. Doc #5 at 13.

6

**United States District Court**
For the Northern District of California

1    When a claim for declaratory relief is removed to federal

2    court, the court must conduct its analysis under the Declaratory

3    Judgment Act ("DJA").  Mulato v WMC Mortg Corp, 2009 WL 3561536, *9

4    (ND Cal 2009).  The DJA permits a federal court to "declare the

5    rights and other legal relations" of parties to "a case of actual

6    controversy."  28 USC § 2201.  "Declaratory relief should be denied

7    when it will neither serve a useful purpose in clarifying and

8    settling the legal relations in issue nor terminate the proceedings

9    and afford relief from the uncertainty and controversy faced by the

10   parties."  United States v Washington, 759 F2d 1353, 1356-57 (9th

11   Cir 1985).  A claim for declaratory relief is unnecessary where an

12   adequate remedy exists under some other cause of action.  Akhavein

13   v Argent Mortg Co, 2009 WL 2157522, *5 (ND Cal 2009) (citing

14   Mangindin v Washington Mut Bank, 2009 WL 1766601, *6 (ND Cal

15   2009)).

16   Here, plaintiffs have not presented a single, valid

17   reason why declaratory judgment is necessary, as its declaratory

18   judgment allegations are covered by the alternative relief sought

19   in their complaint.  See Akhavein, 2009 WL 2157522 at *5 (finding

20   plaintiffs' declaratory relief claim to be duplicative and

21   unnecessary where the relief sought was "entirely commensurate with

22   the relief sought through their other causes of action.").

23   Plaintiffs also contend that defendants do not have

24   standing as a real party in interest because the original note has

25   not been produced, but defendants have presented considerable

26   authority which indicates that the trustee of a deed of trust has

27   the right to initiate the foreclosure process, and that production

28   of the original note is not required.  See Putkkuri v ReconTrust

**United States District Court**

For the Northern District of California

Co, 2009 WL 32567, *2 (SD Cal 2009); Gamboa v Trustee Corps, 2009
WL 656285, *4 (ND Cal).  Because the court finds no need to depart
from such rulings, defendants motion to dismiss plaintiffs' second
cause of action for declaratory relief is GRANTED.

C

Plaintiffs also allege fraud against Greenpoint.  Doc #1
at 21-24.  Plaintiffs state that they believed East Bay represented
a number of lending institutions including Greenpoint.  Id at 22.
According to plaintiffs, East Bay told plaintiffs that the loan
they were receiving was one of the best available to them; a
statement which plaintiffs state they trusted based on their belief
that East Bay represented numerous lending institutions.  Id at 22.
Plaintiffs allege that they gave East Bay all relevant income
information and East Bay indicated that plaintiffs would be able to
pay the loan until maturity  Id.  Plaintiffs purportedly trusted
and relied upon East Bay to obtain a loan that was in plaintiffs'
best interest.  Id.  Plaintiffs allege that East Bay misrepresented
its status and was actually an agent for Greenpoint, not
plaintiffs.  Id at 22-23.  Greenpoint allegedly paid East Bay
incentives to steer plaintiffs into a loan with Greenpoint.  Id at
23.  Ultimately, plaintiffs' argue that their income was not
properly placed in the loan application, and under normal
circumstances they would not have qualified for such a loan.  Id.
Plaintiffs represent that they were under the impression that the
mortgage payments would not increase under the adjustable-rate
loan.  Id.
//

8

**United States District Court**
For the Northern District of California

Defendants contend that plaintiffs' fraud claim has not met the heightened pleading requirements under FRCP 9(b).  Doc #5 at 15.

To prevail on a claim for fraud, plaintiffs must allege and then prove: (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of the falsity; (3) intent to defraud; (4) justifiable reliance by plaintiffs and (5) resulting damage.  <u>Small v Fritz Companies, Inc</u>, 30 Cal 4th 167, 173 (2003).  "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  FRCP 9(b).  Fraud must be pled with particularity so that the defending party can prepare an adequate answer from the allegations.  <u>Odom v Microsoft Corp</u>, 486 F3d 541, 543 (9th Cir 2007) (citing <u>Schreiber Distrib Co v Serv-Well Furniture Co</u>, 806 F2d 1393, 1400 (9th Cir 1986)).  Plaintiffs must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation.  Id.  Where, however, the pleading party cannot be expected to have personal knowledge of the facts constituting the wrongdoing, FRCP 9(b)'s requirements are fulfilled by pleading the misrepresentations with particularity and where possible the roles of the non-pleading parties in the misrepresentations.  <u>Wool v Tandem Computers, Inc</u>, 818 F2d 1433, 1439 (9th Cir 1987).  In fraud against a corporation, plaintiffs must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said and when they said it.  <u>Keen v American Home Mortg Servicing, Inc</u>, -- F

Supp 2d --, 2009 WL 3380454, *7 (ED Cal 2009) (citing <u>Lazar v</u>
<u>Superior Court</u>, 12 Cal 4th 631, 645 (1996)).

Here, plaintiffs allege that the defendants'
misrepresentation — that plaintiffs could afford to pay their loan
— fraudulently induced them into entering the contract.  Doc #1 at
22-23.  Plaintiffs allege East Bay knew that plaintiffs could not
pay the loan because East Bay was aware of plaintiffs' financial
situation.  Id.  Despite such knowledge, East Bay, according to
plaintiffs, intentionally induced plaintiffs to enter into the loan
because of East Bay's incentive agreement with Greenpoint.  Id.
Plaintiffs allege that as a result of the fraudulent inducement
into the contract, they suffered damages because their home is
facing foreclosure.  Id.

To meet the required particularity, plaintiffs need to
allege specific statements, dates and a representative from the
mortgage lender.  <u>Hardy v Indymac Federal Bank</u>, -- FRD --, 2009 WL
2985446, *4 (ED Cal 2009).  As to multiple defendants, a plaintiff
must provide each and every defendant with enough information to
enable them to know what misrepresentations are attributable to
them and what fraudulent conduct they are charged with.  Id.  Here,
plaintiffs only mentioned defendants Greenpoint and East Bay in
their allegations.  Doc #1 at 22-23.  Assuming those are the only
two defendants plaintiffs are alleging fraud against, plaintiffs do
not allege who made the false representations on behalf of East Bay
or Greenpoint, where the representations were made, or what was
said.  Under the heightened pleading standard of FRCP 9(b),
plaintiffs have not given defendants adequate notice of the fraud
being claimed against them.  See <u>Hardy</u>, 2009 WL 2985446 at *4.

**United States District Court**
For the Northern District of California

10

**United States District Court**
For the Northern District of California

1          Accordingly, defendants' motion to dismiss plaintiffs'

2     third cause of action (Doc #5) is GRANTED.

3

4                                        D

5          Plaintiffs' fifth cause of action alleges a breach of the

6     covenant of good faith and fair dealing.  Doc #1 at 25-26.

7     Plaintiffs claim that defendants had a duty of good faith and fair

8     dealing under the promissory note and the deed of trust and that

9     this duty was breached by defendants' failure to carry out the

10    terms of the agreement.  Id at 26.  Defendants argue that

11    plaintiffs' claim contains vague legal conclusions and fails as a

12    matter of law, Doc #5 at 17, and further contend that plaintiffs

13    cannot merely conclude that defendants failed to comply with the

14    covenant of good faith in the performance of the promissory note

15    and deed of trust.  Id at 18.

16         A breach of the implied covenant of good faith and fair

17    dealing involves something beyond breach of the contractual duty

18    itself; bad faith implies unfair dealing rather than mistaken

19    judgment.  <u>Careau & Co v Security Pacific Business Credit, Inc</u>, 222

20    Cal App 3d 1371, 1395 (2d Dist 1990).  Allegations of breach of the

21    implied covenant of good faith must show that the conduct of the

22    defendant, whether or not it also constitutes a breach of a

23    consensual contract term, demonstrates a failure or refusal to

24    discharge contractual responsibilities, prompted by a conscious and

25    deliberate act, which unfairly frustrates the agreed, common

26    purposes and disappoints the reasonable expectations of the other

27    party — thereby depriving that party of the benefits of the

28    agreement.  Id.  The implied covenant will be recognized only to

further the contract's purpose, it will not be read into a contract to prohibit a party from doing that which is expressly permitted by the agreement itself.  <u>Wolf v Walt Disney Pictures and Television</u>, 162 Cal App 4th 1107, 1120 (2d Dist 2008).

Here, plaintiffs have not alleged any actions the defendants took to frustrate the performance of the contract or what actions the parties to the deed of trust performed that were not contemplated by the contract.  Doc #1 at 26.  From the allegations set forth, the actions defendants took were within the confines of the deed of trust's provisions, such as sending a notice of default and foreclosing on the property.  Plaintiffs, therefore, have not alleged breach of the implied covenant of good faith and fair dealing against defendants Greenpoint, Bac Home Loans Servicing LP, Old Republic Default Management Services and Mortgage Electronic Registration Systems Inc.  Accordingly, defendants' motion to dismiss the fifth cause of action for breach of the implied covenant of good faith and fair dealing (Doc #5) is GRANTED.

E

Plaintiffs also allege interference with contractual relations against defendant Greenpoint.  Doc #1 at 26-28. Plaintiffs claim that Greenpoint had a special relationship with East Bay because East Bay was acting as Greenpoint's agent by seeking out and soliciting potential borrowers, such as plaintiffs. Id.  As explained above, the plaintiffs allege that East Bay induced them to enter a contract by which East Bay would represent plaintiffs in acquiring a loan to refinance their property.  Id.

**United States District Court**
For the Northern District of California

Plaintiffs allege that Greenpoint interfered with the contract between plaintiffs and East Bay, resulting in plaintiffs' loss of money.  Id at 27.  Plaintiffs contend that but for Greenpoint's wrongful interference, they would not have been wrongfully induced to enter into a refinancing agreement.  Id.  Defendants challenge plaintiffs sixth cause of action, arguing that it fails to state a claim because Greenpoint, as a lender, does not owe a fiduciary duty to plaintiffs.  Doc #5 at 19-20.

To succeed on a claim for intentional interference with contractual relations, plaintiffs must prove: (1) a valid contract between plaintiffs and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach of disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship and (5) resulting damage.  Quelimane Co v Stewart Title Guaranty Co, 19 Cal 4th 26, 56 (1998).  It is not necessary that the defendant's conduct be wrongful apart from the interference with the contract itself.  Id.

Here, plaintiffs allege that they had a contract with a third party, East Bay, which meets the first factor.  Doc #1 at 26.  Plaintiffs do not allege any facts that indicate defendant Greenpoint knew of the contract nor that it took any specific acts designed to induce a breach or disruption of the agreement.  The fact that Greenpoint and East Bay may have been in a contractual relationship does not necessarily mean that Greenpoint took intentional steps to cause a breach of the contract between plaintiffs and East Bay.  Without additional facts, plaintiffs' cause of action, based on East Bay and Greenpoint's alleged

**United States District Court**
For the Northern District of California

1  relationship is conclusory.  Accordingly, defendants motion to

2  dismiss the sixth cause of action for intentional interference with

3  contractual relations (Doc #5) is GRANTED.

4

5                                    F

6          Plaintiffs further allege that the terms of the

7  promissory note and the deed of trust are so unfair and deceitful

8  that the contract should be declared unconscionable and reformed as

9  the court deems just and proper.  Doc #1 at 28.  Defendants claim

10 that an affirmative cause of action for unconscionablity does not

11 exist under California law and that plaintiffs' allegations are

12 nothing more than a recitation of the legal test for

13 unconscionability.  Doc #5 at 20.

14         Courts have recognized that the doctrine of

15 unconscionability has historically provided only a defense to

16 enforcement of a contract, and normally cannot be used offensively

17 to obtain relief.  Munoz v International Home Capital Corp, 2004 WL

18 3086907, *11 (ND Cal 2004) (dismissing plaintiffs' cause of action

19 because unconscionability is not a cognizable legal theory).

20         In opposition, plaintiffs appear to change their basis

21 for reformation of the contract to fraud.  Doc #29 at 6.  While

22 under California Civil Code section 3399 a contract may be revised

23 when, through fraud, a written contract does not truly express the

24 intention of the parties, a motion to dismiss is based solely on

25 the complaint.  See FRCP 12(b)(6).  As presently stated,

26 plaintiffs' seventh cause of action for reformation of an

27 unconscionable contract cannot remain because unconscionability is

28 not an affirmative cause of action.  See Munoz, 2004 WL 3086907 at

**United States District Court**
For the Northern District of California

14

*11.  Accordingly, defendants' motion to dismiss plaintiffs' seventh cause of action (Doc #5) is GRANTED.

G

Plaintiffs also allege that defendants' actions are unlawful, deceitful and unfair business practices under California Business and Professions Code ("UCL") section 17200.  Doc #1 at 28-33.  Defendants contend that plaintiffs' eighth cause of action does not state a claim because it contains legal conclusions based entirely on the statute's language and that plaintiffs are attempting to use the UCL as an "end run around" because they cannot meet the requirements of other causes of action.  Doc #5 at 22.

Sections 17200 and 17500 of the UCL prohibit unlawful, unfair and fraudulent business practices and make it unlawful for any person or entity to induce someone to enter a contract by disseminating untrue or misleading information.  Cal Bus & Prof Code §§17200, 17500.  The "unlawful" prong borrows violations from other laws and treats them as unlawful practices that are independently actionable.  Wang v Massey Chevrolet, 97 Cal App 4th 856, 871 (2d Dist 2002).  The "unfair or fraudulent" factor does not require proving the elements of a tort, but rather that members of the public are likely to be deceived.  Id.  Unlike common-law fraud, a violation of section 17200 can be shown even if no one was actually deceived, relied upon the fraudulent practice or sustained any damage.  Id at 871.  A cause of action under section 17200 must be based on some predicate act involving a violation of some other statute of law.  Cal-Tech Communications v LA Cellular Tel Co, 20

15

United States District Court
For the Northern District of California

Cal 4th 163, 181 (1999).  Plaintiffs alleging a violation of the UCL must state with reasonable particularity the facts supporting the statutory elements of the violation.  <u>Mertan v American Home Mortg Servicing, Inc</u>, 2009 WL 3296698, *7 (CD Cal 2009).

In their eighth cause of action, plaintiffs list alleged statutory violations that defendants committed, such as failure to provide notice under California Civil Code section 1916.7.  Doc #1 at 28-33.  These allegations lack facts.  In order to state a claim under the UCL, plaintiffs need to allege more, such as specific documents or loan terms that defendants failed to disclose or inaccurately disclosed.  See <u>Akhavein</u>, 2009 WL 2157522 at *4 (dismissing plaintiff's UCL cause of action because the vague allegations were devoid of facts and did not specify the statutes violated).

Here, plaintiffs need to allege more than the statutory provisions that defendants allegedly violated.  Accordingly, defendants' motion to dismiss plaintiffs' eighth cause of action is GRANTED.


H

Plaintiffs additionally seek to quiet title to the real property at issue as against defendants.  Doc #1 at 33-34.  Plaintiffs allege that they do not know the exact names, capacities or interests in the property of certain defendants.  Id.  Defendants claim that a borrower cannot quiet title without discharging his debt, and because plaintiffs have not alleged that they repaid the debt there is no basis for a quiet title claim.  Doc #5 at 23.

**United States District Court**
For the Northern District of California

1       Under California law, a claim for quiet title must

2 include a description of the property that is the subject of the

3 action, the title of the plaintiff as to which a determination is

4 sought and the basis of the title, the adverse claims to the title

5 of the plaintiff against which a determination is sought, the date

6 as of which the determination is sought and a prayer for the

7 determination of the title of the plaintiff against the adverse

8 claims. <u>Madrid v JP Morgan Chase Bank, NA</u>, 2009 WL 3255880, *5 (ED

9 Cal 2009); see also Cal Civ Proc Code § 761.020. The purpose of

10 the quiet title action is to determine all conflicting claims to

11 the property in controversy, and to decree to each such interest as

12 he may be entitled to. <u>Newman v Cornelius</u>, 3 Cal App 3d 279, 284

13 (1970). In order to quiet title, plaintiffs have to allege tender

14 or offer of tender of the amount borrowed and due. <u>Arnold Mgmt</u>

15 <u>Corp v Eischen</u>, 158 Cal App 3d 575, 578 (1984).

16       Because plaintiffs have not alleged that they have or can

17 tender the amount they borrowed under the deed of trust,

18 defendants' motion to dismiss the ninth cause of action (Doc #5) is

19 GRANTED.

20

21                        I

22       Plaintiffs' tenth cause of action alleges that, based

23 upon the fraud perpetrated upon them by defendants Greenpoint and

24 East Bay, the deed of trust and note must be rescinded. Doc #1 at

25 35. Defendants challenge that plaintiffs have not sufficiently

26 alleged fraud under the heightened pleading standard of FRCP 9(b).

27 Doc #5 at 17.

28       A party to a contract may rescind the contract if the

consent of the party rescinding was obtained through fraud by the other party.  Cal Civ Code § 1689.  As stated earlier, plaintiffs' complaint does not sufficiently allege fraud under the heightened pleading standard of FRCP 9(b).  Based on the foregoing analysis herein, defendants' motion to dismiss plaintiffs' tenth cause of action (Doc #5) is GRANTED.

J

Plaintiffs eleventh cause of action is based on alleged violations of the Truth in Lending Act ("TILA").  Doc #1 at 35-36.  Plaintiffs allege that defendants committed violations under TILA when defendants: failed to provide initial truth in lending disclosures, under-disclosed the total finance charge, under-disclosed the APR, failed to disclose all finance charges and failed to provide HUD 1 documentation.  Id.  Defendants claim that by alleging a claim under TILA, plaintiffs are attempting to gain a windfall.  Doc #5 at 23.  Defendants challenge plaintiffs' interpretation of TILA by stating that when a borrower seeks to rescind under TILA, the borrower must tender the amounts received from the lender.  Id at 24.

TILA is a remedial statute designed to permit borrowers to make informed judgments about the use of credit and TILA should be interpreted liberally in favor of the consumer.  Jackson v Grant, 890 F2d 118, 120 (9th Cir 1989).  Even technical or minor violations of the TILA impose liability on the creditor.  Id.  Congress did not intend for TILA to apply only to sympathetic consumers but rather to all consumers, who are inherently at a disadvantage in loan and credit transactions.  Id at 122.  In

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  transactions in which a security interest in a consumer's residence

2  is retained, the consumer has a right of rescission for three years

3  after the consummation if the required notice or material

4  disclosures are not delivered.  Id at 120; see also 12 CFR

5  §226.23(a)(3).  Creditors and their assignees can be held civilly

6  liable for violations of TILA.  15 USC §1640(a).  A servicer of a

7  consumer obligation arising from a consumer credit transaction

8  shall not be treated as an assignee of such obligation for purposes

9  of liability under TILA unless the servicer is or was the owner of

10  the obligation.  Id at §1641.

11       The Ninth Circuit has held that rescission under TILA

12  should be conditioned on repayment of the amounts advanced by the

13  lender.  <u>Yamamoto v Bank of NY</u>, 329 F3d 1167, 1170 (9th Cir 2003).

14  A number of district courts have required a plaintiff to plead

15  facts relating to the ability to tender the loan principal in order

16  to withstand a 12(b)(6) motion to dismiss and proceed with a claim

17  of recision under TILA.  See <u>Keen v American Home Mortg Servicing,</u>

18  <u>Inc</u>, -- F Supp 2d --, 2009 WL 3380454, *4 (ED Cal 2009).

19       Here, plaintiffs have alleged a violation of TILA because

20  defendants did not provide the required disclosures, but plaintiffs

21  have not alleged facts relating to their ability to tender the loan

22  principal.  As defendants challenge in their opposition, without a

23  tender of the loan principal, plaintiffs, if successful, would not

24  only receive recision of the contract, but get to keep the loan

25  proceeds.  Accordingly, defendants' motion to dismiss plaintiffs'

26  TILA cause of action is GRANTED.

27  //

28  //

19

**United States District Court**

For the Northern District of California

**K**

Plaintiffs' twelfth cause of action is for an accounting to determine the amount of money defendants owe to plaintiffs. Doc #1 at 36. Defendants claim that accounting is not an independent cause of action but merely a type of equitable remedy and that plaintiffs have not stated a basis for this form of recovery. Doc #5 at 24.

An action for accounting, which is equitable in nature, may be brought to require a defendant to account to a plaintiff for money or property, where a fiduciary relationship exists between the parties or where no fiduciary relationship exists but the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable. Civil Western Corp v Zila Industries, 66 Cal App 3d 1, 14 (2d Dist 1977).

Plaintiffs have not alleged from which defendant they seek an accounting. Additionally, plaintiffs have not made any allegations that the accounts to be determined are so complicated that the court needs to step in and order an accounting. Plaintiffs, therefore, have not sufficiently alleged a cause of action for an accounting and defendants' motion to dismiss the twelfth cause of action is GRANTED.

**L**

Before closing, the court notes that, when taken as a whole, plaintiffs' complaint lacks sufficient facts even under the lenient FRCP 8 standards, as it merely lobs scattershot allegations in the direction of defendants when it is clear from the face of the complaint that not every defendant is subject to the same

20

claims.   After defendants raised this concern in their motion to
dismiss, Doc #5, plaintiffs failed even to address the issue in
opposition.   If and when plaintiffs amend their complaint,
plaintiffs must differentiate among the various defendants.   If
plaintiffs fail to do so, the court will be forced to dismiss the
complaint in its entirety.

United States District Court

For the Northern District of California

                                III

            While this action was pending in state court, that court
issued a temporary restraining order enjoining defendants from
foreclosing on plaintiffs' property and issued an order to show
cause why a preliminary injunction should not be granted.   Doc #1
at 99.   This court may act upon pleadings filed in state court
prior to removal.   Granny Goose Foods, Inc v Brotherhood of
Teamsters & Auto Truck Drivers Local No 70, 415 US 423, 435 (1974).
"[A]ll injunctions, orders, and other proceedings had in such
action prior to its removal shall remain in full force and effect
until dissolved or modified by the district court."   28 USCA §
1450.   The Ninth Circuit has found that a temporary restraining
order issued by a state court remains in effect after removal to
federal court only so long as it would under state law,   Religious
Technology Center, Church of Scientology International, Inc v
Scott, 869 F2d 1306, 1309 n6 (9th Cir 1989).   Here, the state court
injunction makes clear that "[t]he temporary restraining order set
forth in the Court's June 29, 2009 order shall remain in full
effect pending a ruling on the OSC re: Preliminary Injunction or
further order of the Court."   Doc #1 at 76.   The court, in
considering the language of the state court injunction, the

procedural history of this matter and section 1450's overarching goal to ensure that interlocutory orders entered by the state court to protect the various rights of the parties will not lapse upon removal, finds the state court injunction in force until modified or dissolved.

## A

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v Natural Res Def Council, Inc, --- US ----, 129 S Ct 365, 376 (2008). The sole purpose of a preliminary injunction is the "preserve the status quo ante litem pending a determination of the actions on the merits." Sierra Forest Legacy v Rey, 577 F3d 1015, 2009 WL 2462216 (9th Cir 2009). "In brief, the bases for injunctive relief are irreparable injury and inadequacy of legal remedies. In each case, a court must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Production Co v Village of Gambell, 480 US 531, 542 (1987).

Recently, the Supreme Court clarified the proper standard for granting or denying a preliminary injunction by stating that "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter, 129 S Ct at 374. In doing so, the Winter Court rejected the former "possibility of irreparable injury" analysis utilized by the Ninth Circuit. See The Lands

**United States District Court**
For the Northern District of California

1   <u>Council v McNair</u>, 537 F3d 981, 987 (2008).

2        The <u>Winter</u> Court, however, did not address the second

3   prong of the <u>McNair</u> analysis, which deemed granting a preliminary

4   injunction appropriate where "serious questions going to the merits

5   were raised and the balance of hardships tips sharply in

6   [plaintiffs'] favor." <u>McNair</u>, 537 F3d at 987. As this court has

7   observed, this "second prong is relevant where irreparable injury

8   is likely and imminent--for example, in the case of imminent

9   foreclosure or deportation--and the plaintiff has demonstrated a

10  serious merits issue but may be unable to determine a likelihood of

11  success on the merits." <u>Save Strawberry Canyon v Department of</u>

12  <u>Energy</u>, 613 F Supp 2d 1177, 1180 n2 (ND Cal 2009).

13       Here, plaintiffs claim that they will suffer irreparable

14  injury if defendants are able to foreclose on their property before

15  the conclusion of this action. Doc #33. Property is considered

16  unique, and therefore the court finds that plaintiffs' remedy at

17  law, damages, would be inadequate. See <u>Sundance Land Corp v</u>

18  <u>Community First Federal Sav and Loan Ass'n</u>, 840 F2d 653, 662 (9th

19  Cir 1988). It is also clear that if defendants foreclosed on the

20  property, plaintiffs' injury would be irreparable because they

21  might be unable to reacquire it. See <u>Taylor v Westly</u>, 488 F3d

22  1197, 1202 (9th Cir 2007). This fact weighs heavily in favor of

23  plaintiffs, a point which defendants do not challenge. Doc #24.

24       Additionally, defendants will not suffer a high degree of

25  harm if a preliminary injunction is ordered. While it is true that

26  defendants will not be able to sell the property immediately and

27  will expend costs in further litigating this action, when balanced

28  against plaintiffs' potential loss, defendants' harm appears

**United States District Court**
For the Northern District of California

outweighed by plaintiffs' potential harm. Defendants' harm may also be mitigated by a bond or other security or payment as part of an injunction.

Having found plaintiffs' potential injury to be both irreparable and imminent, the court observes that while plaintiffs' complaint is subject to dismissal, the court has granted plaintiffs an opportunity to amend several of their causes of action. If the court were to deny the injunction before plaintiffs had the opportunity to amend the deficiencies in their complaint, the property likely would be foreclosed upon and sold. Thus, plaintiffs' leave to file an amended complaint would be rendered pointless. Such a state of affairs would run contrary to the public interest, the spirit of the FRCP's pleading requirements and most certainly would not preserve the status quo. While at this time, because there is not an operative complaint, the court cannot determine whether plaintiffs' recovery is "likely," plaintiffs' complaint may be remedied to demonstrate serious merits issues.

But despite this strange state of affairs and because plaintiffs are virtually certain to suffer irreparable harm absent an injunction, an injunction serves the public interest and the balance of hardships weighs in favor of the plaintiffs making an injunction appropriate.

B

On proof made to the court's satisfaction that the matters giving rise to plaintiffs' complaint relate to plaintiffs' real property and that sale of the property at issue by defendants likely will cause plaintiff irreparable injury for which plaintiffs

24

**United States District Court**
For the Northern District of California

have no adequate remedy at law and good cause therefore appearing:

IT IS ORDERED that during the pendency of this action defendants, their agents, employees, representatives and all persons acting in concert or participating with them, are enjoined and restrained

> (a) From engaging in, committing or performing, directly or indirectly, any conveyance or sale of the real property which is the subject of this action located at 18 Dresden Bay, Alameda, California; and

> (b) That any foreclosure sale set for the real property which is the subject of this action is hereby enjoined pending further order of this court.

This injunction is expressly conditioned upon plaintiffs making one payment of $2700 on or before November 20, 2009, and an additional payment of $2700 on or before December 18, 2009. Upon plaintiffs' failure to make these payments in a timely manner, this injunction will dissolve without further action of the court.


IV

For the foregoing reasons, defendants' motion to dismiss plaintiffs' complaint (Doc #5) is GRANTED. Plaintiffs are given leave to amend, consistent with this order, on or before December 4, 2009.


IT IS SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge

25